385 A.2d 1003

**COMMONWEALTH of Pennsylvania**

v.

**Charles BENEFIEL, Appellant.**

Superior Court of Pennsylvania.

Submitted November 14, 1977.

Decided April 26, 1978.

Paulette J. Balogh and Lester G. Nauhaus, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, and Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Appellant was arrested on or about May 17, 1976, and charged with Rape,[1] Recklessly Endangering Another Person,[2] Possession of an Instrument of Crime,[3] and Burglary.[4] He was tried by a jury on October 8, 1976, before the Honorable Donald Ziegler and convicted of Rape, Recklessly Endangering Another Person and Burglary. His post-verdict motions were denied and he was sentenced to two consecutive ten to twenty year prison terms; for rape and burglary respectively.

The facts pertinent to this appeal are as follows: On May 16, 1976, the appellant and another man, Richard Harris, allegedly kicked in the door at the home of Bonnie White and her mother. As they entered, Harris pulled a hand gun. Appellant forced Miss White to a couch, and raped her while Harris held the gun to her mother's head. Appellant then took the gun, again placing it against the mother's head, while Harris raped the victim. When the mother began to scream, the two men fled. They were later arrested based on a description by Miss White and subsequent identification.

1. The Crime Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 3121 (1973).

2. The Crime Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 2705 (1973).

3. The Crime Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 907.

4. The Crime Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 3502.

The issue raised by appellant on this appeal is whether a prior rape conviction was properly admitted by the trial court to impeach the appellant's credibility.

The Commonwealth introduced, as rebuttal evidence, that the appellant had previously pled guilty to Rape and Sodomy charged on April 12, 1973. The trial judge admitted the evidence with appropriate instructions to the jury. The lower court states that the balancing approach utilized in *Luck v. United States,* 121 U.S.App.D.C. 151, 348 F.2d 763 (1965), and adopted by our Supreme Court in *Commonwealth v. Bighum,* 452 Pa. 554, 307 A.2d 255 (1973), establishes the guidelines that a trial court may use in determining if evidence of prior convictions is admissible regardless of whether the crimes involve dishonesty or false statement.

However, this court in *Commonwealth v. Moore,* 246 Pa. Super. 163, 369 A.2d 862 (1977), discussed the effect of the *Bighum-Luck* standard and took an opposite view:

> . . . [Our] Supreme Court limited the prior convictions that may be used for impeachment purposes to those involving dishonesty or false statement . . . it adopted the balancing approach adopted in *Luck* [supra]. Thus, after determining that the prior conviction was one involving dishonesty or false statement, the court must then apply the factors enumerated in *Luck,* to determine its admissibility to impeach.

Therefore, the rebuttal evidence in the instant case was not admissible. The prior conviction admitted to impeach the appellant's credibility was a prior rape conviction. This court, in *Moore,* decided that rape was not a crime which involved dishonesty or false statement.

The judgment of sentence is reversed and a new trial awarded.

PRICE and VAN der VOORT, JJ., dissent.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.